```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
THE NEW YORK CITY DISTRICT COUNCIL   :
OF CARPENTERS PENSION FUND, NEW      :
YORK CITY DISTRICT COUNCIL OF        :  05 Civ 8319(VM)
CARPENTERS WELFARE FUND, NEW YORK    :
CITY DISTRICT COUNCIL OF             :  DECISION AND ORDER
CARPENTERS VACATION FUND, NEW YORK   :
CITY DISTRICT COUNCIL OF             :
CARPENTERS ANNUITY FUND, NEW YORK    :
CITY DISTRICT COUNCIL OF             :
CARPENTERS APPRENTICESHIP,           :
JOURNEYMAN RETRAINING, EDUCATIONAL   :
AND INDUSTRY FUND, NEW YORK CITY     :
DISTRICT COUNCIL OF CARPENTERS       :
CHARITY FUND, AND NEW YORK CITY      :
AND VICINITY CARPENTERS              :
LABOR-MANAGEMENT COOPERATION FUND,   :
by MICHAEL J. FORDE and JOSEPH       :
OLIVIERI, as TRUSTEES                :
                                     :
                   Petitioners,      :
                                     :
            - against -              :
                                     :
DAFNA CONSTRUCTION CO. INC.,         :
                                     :
                   Respondent.       :
                                     :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Petitioners, trustees (the "Trustees") of several benefit funds for The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("the District Council"), seek confirmation of an arbitrator's ruling that respondent Dafna Construction Company ("Dafna") owes $293,323.32 to the funds in accordance with the collective bargaining agreement between Dafna and the District Council. Dafna opposes confirmation on the ground that the

-1-

arbitrator's ruling was prejudiced and thus should be vacated or modified by the Court. For the reasons discussed below, Dafna's challenge of the arbitrator's ruling is time-barred. Accordingly, the Trustees' motion for confirmation is granted.

## I. BACKGROUND

Dafna and the District Council entered into a comprehensive collective bargaining agreement on July 1, 1996. The agreement required Dafna to contribute to several of the District Council's fringe benefit funds for every hour that it employed one of its carpenters. (See Independent Building Construction Agreement ("Agreement"), dated July 1, 1996, attached to Petitioners' Notice of Motion as Exhibit A, at 35.) Nonetheless, an auditing firm hired by the District Council determined that Dafna did not make all of the necessary contributions during the period from July 1, 1999, through June 30, 2001. Dafna disputed this finding, and the two parties agreed to settle the matter through arbitrator Roger Maher ("Maher"), as stipulated in the Agreement. (See id. at 42-43.)

Maher held four hearings and, on July 29, 2005, he ruled that Dafna owed $293,323.32 to the benefit funds. The District Council now seeks confirmation of Maher's ruling. Dafna opposes confirmation on the ground that Maher engaged in prejudicial misconduct by not allowing witnesses for Dafna to

testify and by not properly considering evidence that Dafna had presented. The Court need not examine the merits of these allegations, however, because the ninety-day statute of limitations for Dafna to challenge the arbitrator's ruling has run.

## II. DISCUSSION

A. MOTION TO CONFIRM

Section 301 of the Labor Management Relations Act ("LMRA") confers jurisdiction upon federal courts over suits that arise from the alleged violation of contracts between employers and labor organizations. See 29 U.S.C. § 185(a) (1947). Because LMRA § 301 does not prescribe a statute of limitations for commencing an action to challenge an arbitrator's ruling, the applicable statute of limitations is borrowed from the relevant state statute. See Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) and its Local 537, 47 F.3d 14, 16 (2d Cir. 1995) (citing United Auto., Aerospace & Agric. Implement Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 704-05 (1966) and Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Local 261, 912 F.2d 608, 612-13 (2d Cir. 1990)).

New York's relevant statute stipulates that "an application to vacate or modify an [arbitrator's] award may be made by a party within *ninety days* after delivery to him."

New York Civil Practice Laws and Rules ("CPLR") § 7511(a) (McKinney 1998) (emphasis added); see also Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998) (citing Harry Hoffman Printing, 912 F.2d at 609, 612). However, New York courts have interpreted CPLR § 7510[1] as allowing the losing party to challenge an arbitrator's ruling when the winning party moves to confirm, even if more than ninety days have elapsed. See Karlan Constr. Co. v. Burdick Assocs. Owners Corp., 560 N.Y.S.2d 480, 481 (App. Div. 2d Dep't 1990) (citing State Farm Mut. Auto. Ins. Co. v. Fireman's Fund Ins. Co., 504 N.Y.S.2d 24 (App. Div. 2d Dep't 1986)).

Dafna argues that since the Court must borrow the statute of limitations from New York law, it must necessarily adopt the New York courts' interpretation of CPLR § 7510 and allow Dafna to challenge the arbitrator's decision at this point in the proceeding. The Court, however, rejects the argument that it is bound by the New York courts' reading of CPLR § 7510, as this interpretation contravenes the federal policy goals that underlie the LMRA. See Parker Meridien, 145 F.3d at 88-89; see also Textile Workers Union of Am. v. Lincoln Mills of Ala., 353 U.S. 448, 457 (1957) (citing Bd. of Comm'rs of

---

[1] CPLR § 7510 states: "The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511."

Jackson County v. United States, 308 U.S. 343, 351-52 (1939))(holding that when interpreting a federal statute, state law may be borrowed only if it effectuates federal policy).

When a federal court borrows a statute of limitations for a federal cause of action from state law, it should borrow "no more than necessary." Parker Meridien, 145 F.3d at 88 (quoting West v. Conrail, 481 U.S. 35, 39-40 (1987)). Specifically, a court should refrain from adopting aspects of state law that would frustrate the policies that underlie the federal legislation. See id. (quoting Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 367 (1977)). LMRA Section 301 was enacted to promote arbitration as a means of swiftly resolving labor disputes. See id. at 89. Delayed challenges to the validity of an arbitrator's decision undermine this policy by preventing the successful party from receiving its award in a timely manner and by encouraging the losing party to "[drag] out the proceedings in order to dilute the integrity of the arbitration award." Id. (quoting Teamsters Local No. 579 v. B & M Transit, Inc., 882 F.2d 274, 276-78 (7th Cir. 1989)); see also Florasynth, Inc. v. Pickholz, 750 F.2d 171, 177 (2d Cir. 1984) ("When the three month limitations period has run without vacation of the arbitration award, the successful

party has a right to assume the award is valid and untainted….").

The ninety-day statute of limitations for challenging an arbitrator's ruling contained in CPLR § 7511(a) allows for the swift resolution of labor disputes. Thus, this "relevant state statute is borrowed" and applied in this case. Burns Int'l Sec. Servs., 47 F.3d at 16. Since the Court "borrow[s] no more than necessary" from New York law, West, 481 U.S. at 39, it rejects the New York courts' view that an arbitrator's ruling can always be challenged at confirmation because, as discussed above, this view undermines the federal interest in speedy dispute resolution promoted by LMRA § 301. The Court's holding comports with those of other courts in this Circuit, which have consistently ruled that parties in New York have ninety days in which to challenge an arbitration ruling under LMRA § 301. See, e.g., Parker Meridien, 145 F.3d at 89; Local 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Duct Works, Inc., No. 03-Cv-7500, 2006 WL 36763, at * 3 (S.D.N.Y. Jan. 4, 2006); Local Union 522, Int'l Bhd. of Teamsters, AFL-CIO v. Renewal Arts Contracting & Envtl. Corp., No. 02-Cv-0781, 2004 WL 213011, at * 1 (S.D.N.Y. Feb. 4, 2004).

Since Dafna waited more than ninety days after Maher rendered his decision to file its motion to vacate or modify, that motion is time-barred. Moreover, no other grounds for

-6-

opposing confirmation have been raised. Thus, the Court summarily confirms the arbitrator's ruling and orders Dafna to pay $293,323.32 to the Trustees of the District Council's benefit funds.

Although it is not necessary for the Court to consider the merits of Dafna's claim, the Court is persuaded that even if the motion to vacate or modify were not time-barred, it would fail. The Court will not overturn an arbitration decision "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." Harry Hoffman Printing, 950 F.2d at 98 (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)). Dafna and the District Council bargained to have an arbitrator resolve their dispute, and it is not the Court's place to intervene simply because his decision might have been in error. See Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist. 1199, 116 F.3d 41, 44 (2d Cir. 1997) (citing Leed Architectural Prods., Inc. v. United Steelworkers of Am., Local 6674, 916 F.2d 63, 65 (2d Cir. 1990)). Dafna alleges that Maher refused to hear or properly consider evidence that it had presented. However, an arbitrator has discretion as to how to weigh the evidence presented. Since Maher's decision "draws its essence from the collective bargaining agreement," the Court would not have

disturbed it, even if the statute of limitations question here had not been dispositive. Id. (quoting *In re* Marine Pollution Serv., Inc., 857 F.2d 91, 94 (2d Cir. 1988)).

B. ATTORNEYS' FEES

The trustees also seek $3,636.50 in attorneys' fees and costs expended in seeking confirmation of the arbitrator's award. Dafna opposes this request, asserting that attorneys' fees should only be awarded under LMRA § 301 if a party refuses to comply with an arbitrator's ruling without justification. See International Assoc. of Heat and Frost Insulators, Local No. 12 v. Insulation Quality Enterprises, Ltd., 675 F. Supp. 1398, 1407 (E.D.N.Y. 1988). Whether Dafna had no justification in refusing to comply with the arbitrator's ruling is irrelevant, however, because the Agreement itself requires Dafna to pay attorneys' fees incurred by the Trustees in seeking confirmation:

> If . . . it is necessary for the Union and/or Trustees of the joint trust funds to institute court action to enforce an award rendered in accordance with [the arbitration procedures prescribed in the Agreement], or to defend an action which seeks to vacate such award, the Employer shall pay any accountants' and attorneys' fees incurred by the Union and/or fund trustees, plus costs of litigation, which have resulted from the bringing of such court action.

(Agreement at 51-52.) Since the parties bargained for the awarding of attorneys' fees in this precise circumstance, the

-8-

Court respects their agreement and orders Dafna to pay the costs incurred by the Trustees in seeking confirmation of the arbitrator's award.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion of Dafna Construction Co., Inc. ("Dafna") to vacate the arbitrator's ruling at issue in this action is denied; and it is hereby

**ORDERED** that the motion of petitioners The New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, New York City District Council of Carpenters Charity Fund, and New York City and Vicinity Carpenters Labor-Management Cooperation Fund, by Michael J. Forde and Joseph Olivieri, as Trustees ("Petitioners") to confirm the ruling of arbitrator Roger Maher awarding Petitioners $293,323.32 from Dafna is GRANTED; and it is hereby

**ORDERED** that Dafna pay Petitioners $3,636.50 in attorneys' fees and related court costs.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:  New York, New York
        14 June 2006

_____
VICTOR MARRERO
    U.S.D.J.